**FILED**
**DEC 11 2008**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James F. Johnson,                )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Civil Action No. 08 2149
                                 )
Brenda Robinson, *et al.*,       )
                                 )
            Defendants.          )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues his landlord, AKB Properties, and its agent, Brenda Robinson, for actions taken in the Landlord and Tenant Branch of the Superior Court of the District of Columbia to evict him based on his failure to pay rent. *See* Complaint Attachment (Complaint for Possession of Real Estate). Although plaintiff invokes the

Constitution and federal law, his allegations do not present a federal question.[1] In addition, the complaint does not provide a basis for diversity jurisdiction inasmuch as all of the parties reside or work in the District of Columbia. Accordingly, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 28, 2008

/s/ 
United States District Judge

---

[1] Plaintiff, for example, purports to bring this action under 42 U.S.C. § 1983, but there is no indication that the named defendants acted "under color of" District of Columbia law. *Id.*; *see Edwards v. Okie Dokie, Inc.*, 473 F. Supp.2d 31, 40-41 (D.D.C. 2007) ("A person may be considered a state actor for purposes of section 1983 if he is a 'willful participant in joint activity with the State or its agents[.]'") (quoting *Williams v. U.S.*, 396 F.3d 412, 414 (D.C. Cir. 2005)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Williams*, 396 F.3d at 414 (citation and internal quotation marks omitted).